IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| : | |
| v. : | CASE NO.: 1:13-CR-12 (WLS) |
| : | |
| STEWART PARNELL and MICHAEL : | |
| PARNELL, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

Before the Court are Stewart Parnell and Michael Parnell's Joint Motion to Sever (Doc. 87) and Michael Parnell's Motion for Severance of Persons and Counts (Doc. 119).

### I.     Procedural Background

Defendants Stewart Parnell and Michael Parnell are the subjects of a seventy-six-count indictment arising from the sale of salmonella-contaminated peanuts at the Peanut Corporation of America (PCA). As alleged in the indictment, Stewart Parnell was an owner and the president of PCA. Michael Parnell, his brother, was a food broker who arranged shipments between PCA and one of its customers. Among other allegations, the indictment primarily asserts the defendants conspired to falsify Certificates of Analysis, which certify peanuts for the absence of harmful microbiological content.

Two motions to sever are pending. On July 29, 2013, Stewart and Michael Parnell together filed a Joint Motion for Severance, which argued their defenses are antagonistic and mutually exclusive. The defendants did not describe their defenses in the motion, but instead requested an *in camera ex parte* hearing to provide supporting facts. At a December 6, 2013 hearing, the Court granted their request to provide evidence or supporting submissions *ex parte* and ordered them to file those documents on the docket under seal. The Court memorialized that instruction by written order on December 11. By let-

1

ter dated January, 15 2014, Stewart Parnell's defense counsel informed the Court that "this defendant does not have any such document to file." To date, the defendants have not specified the grounds for their June 29 motion.

Michael Parnell alone moved for a severance on December 5, 2013. He claims in his motion that severance is warranted under Rules 8(a), 8(b), and 14(a) of the Federal Rules of Criminal Procedure. Michael Parnell asserts that, unlike the other alleged co-conspirators, he was not a PCA employee and is associated with one customer. Thus, he was not a part of a common conspiracy. Parnell also argues he will suffer a prejudicial spill-over effect if tried with the PCA employees.

## II. Discussion

Rule 8(b) of the Federal Rules of Civil Procedure permits an indictment to join two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). An indictment may name defendants in one or more counts together or separately, and a defendant need not be named in all counts. *Id.* These prerequisites are broadly construed in favor of initial joinder. *United States v. Weaver*, 905 F.2d 1466, 1476 (11th Cir. 1990) (quoting *United States v. Davis*, 773 F.2d 1180, 1181 (11th Cir. 1985)). Because Rule 8 is a pleading requirement, courts first determine whether joinder was proper by examining the allegations in the indictment. *United States v. Morales*, 868 F.2d 1562, 1567 (11th Cir. 1989).

Even if joinder was proper in the first instance, a court may sever a defendant if he or she is prejudiced by the joinder. Fed. R. Crim. P. 14(a). But the "general rule is that Defendants indicted together should be tried together, especially in conspiracy cases." *United States v. Chavez*, 584 F.3d 1354, 1360 (11th Cir. 2009) (citations omitted). "In deciding a severance motion, a district court must balance the right of the defendant to a fair trial against the public's interest in efficient and economic administration of justice." *United States v. Baker*, 432 F.3d 1189, 1236 (11th Cir. 2005). A defendant must demonstrate that a joint trial will result in "specific and compelling prejudice" to his defense,

resulting in "fundamental unfairness." *Id.* (quoting *United States v. Knowles*, 66 F.3d 1146, 1159 (11th Cir. 1995)).

### A. Initial Joinder under Rule 8(b).

Michael Parnell argues his initial joinder was improper under Rule 8(b) because he did not participate in a common conspiracy. This argument lacks merit. The indictment alleges Michael Parnell conspired with other codefendants to defraud PCA's customers about the content of peanut shipments and the performance of certificates of analysis. It lists specific acts he committed to further that goal, such as e-mailing other coconspirators about falsifying certificates and causing to be shipped specific batches of misbranded and mislabeled peanuts. In total, Michael Parnell is charged in forty-one counts and is specifically named in eleven of the Overt Acts comprising the conspiracy in Count Two. All of these allegations and charges are tied in scope and scheme. That's sufficient for initial joinder, both as to the defendants and counts.

It is of no moment that Michael Parnell is alleged to have defrauded only one of the eleven customers listed in the indictment. A defendant need not know all of the details of a conspiracy or participate in every stage to be found guilty. *United States v. Reed*, 980 F.3d 1568, 1582–83 (11th Cir. 1993) (citing *Blumenthal v. United States*, 332 U.S. 539, 558 (1947)). All that is required is that the defendant knew the essential objective of the conspiracy and willfully joined in it. *United States v. Mulherin*, 710 F.2d 731, 737–78 (11th Cir. 1983) (citations omitted).

Michael Parnell's motion to severance as to Rule 8 is therefore **DENIED**.

### B. Motion for Severance under Rule 14.

Stewart and Michael Parnell both moved for severance because of mutually exclusive defenses, while Michael Parnell moves for severance alone because of a spillover effect. Neither ground is availing.

A defendant may move for severance because of "mutually antagonistic" or "irreconcilable" defenses if he or she is exposed to "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or [would] prevent the jury

from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). To meet that burden, a defendant must do more than make conclusory allegations. *United States v. Walser*, 3 F.3d 380, 386 (11th Cir. 1993). Despite the Court's leave to supplement their motion under seal—at the Government's objection—neither Stewart Parnell nor Michael Parnell made any effort to describe their mutually exclusive defenses or any prejudice they would suffer from a joint trial. The Court lacks a factual basis to address the joint motion, and it therefore must be denied.

Similarly, the Court finds Michael Parnell's showing under Rule 14 insufficient to warrant severance. He argues the prejudice is "clear" because evidence relating to PCA officials and customers to whom he had no contact "could easily 'bleed over' to Michael Parnell and cause his conviction as a result of his relationship with Stewart Parnell." But the "mere fact that there may be an 'enormous disparity in the evidence admissible against him compared to other defendants' is not sufficient" to show compelling prejudice. *United States v. Schlei*, 122 F.3d 944, 984 (11th Cir. 1997). And "a district court's cautionary instructions, which admonish the jury to consider separately each defendant's guilt, obviate the probability of a spillover effect." *United States v. Smith*, 918 F.2d 1551, 1560 (11th Cir. 1990) (citing *United States v. Johnson*, 713 F.2d 633, 640 (11th Cir. 1983)). In short, the Court is unpersuaded at this stage that any spill-over effect cannot be cured by standard cautionary instructions. Michael Parnell has not shown otherwise, so his motion is denied.

### III. Conclusion

For those reasons, the motions for severance (Docs. 87, 119) are **DENIED**. The motion to continue (Doc. 113) and motion for status conference (Doc. 92), which remain marked for adjudication, were previously granted and should so be marked.

SO ORDERED, this  24th  day of April, 2014.

>/s/ W. Louis Sands
>**W. LOUIS SANDS, JUDGE**
>**UNITED STATES DISTRICT COURT**