IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| v. | : CASE NO.: 1:13-cr-12 (WLS) |
| STEWART PARNELL, | : |
| Defendant. | : |

## ORDER

Before the Court is Defendant Stewart Parnell's Motion to Seal. (Doc. 158.) In his motion, Parnell requests that the Court seal an exhibit to his Motion in Limine. The exhibit is an e-mail the Government intends to introduce as 404(b) evidence. Parnell claims the e-mail is "highly prejudicial" and will taint the jury pool. The Government opposes his motion on the ground that the exhibit is a judicial document subject to the common law right of access. For the following reasons, the Court denies the motion.

As both Parties acknowledge, the common law right of access provides the public a right to inspect and copy judicial records and documents. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Whether that right applies depends on the document. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). For example, "'[d]ocuments filed in connection with motions to compel discovery are not subject to the common-law right of access,' . . . but 'material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right.'" *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007); *see also Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 164 (3d Cir. 1993) ("[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection there-

1

with."). Documents of the latter category are presumptively public. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1236 (11th Cir. 2013).

Nevertheless, "[t]he common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero*, 480 F.3d at 1247 (quoting *Chicago Tribune*, 263 F.3d at 1309). The factors courts consider in that balancing include "whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." *Id.*

In this case, the Court has little trouble concluding that the exhibit is a judicial record and should be made public. Parnell's initial argument that the exhibit is not a "judicial document" because it was "collected during discovery" is foreclosed by Eleventh Circuit precedent. "[D]iscovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Chicago Tribune*, 262 F.3d at 1312. Parnell's exhibit was filed in connection with a motion in limine requiring a substantive resolution, so it is a judicial document. *Id.*

Having found that the exhibit is a judicial document, the Court further holds that Parnell has failed to show good cause for sealing it. Parnell argues in a variety of ways that the exhibit will taint the jury pool and prejudice potential jurors. The Court is well equipped to assuage those risks through less onerous alternatives—namely, voir dire and jury instructions. Parnell's other reasons for sealing the exhibit are noticeably vague. Beyond the risk of prejudicing potential jurors, Parnell has not identified any particular harm or prejudice he will suffer if the exhibit is unsealed. Moreover, the Court finds unpersuasive Parnell's argument that the public has no interest in seeing the document until it is deemed admissible. Regardless of the Court's ruling, the public has a keen interest in accessing the record and reasoning on which a court relies.

For those reasons, Parnell has failed to show good cause to seal the exhibit. His motion to seal (Doc. 158) is **DENIED**.

**SO ORDERED**, this      13th      day of June, 2014.

                                       _/s/ W. Louis Sands _____
                                       **W. LOUIS SANDS, JUDGE**
                                       **UNITED STATES DISTRICT COURT**