IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:13-cr-12 (WLS) |
| | : | |
| STEWART PARNELL, MICHAEL PARNELL, and MARY WILKERSON, | : | |
| | : | |
| Defendants. | : | |

## ORDER

The Parties in the above-captioned case appeared July 11, 2014, for a hearing on the Defendants' Joint Motion to Dismiss Due to Post-*Stevens* Discovery Abuses (Doc. 201). At the hearing, the Court denied the motion to dismiss and the objections to the Government's notice of expert witnesses and granted Michael Parnell's and Mary Wilkerson's motions to continue. This Order memorializes those rulings.

As background, Stewart Parnell, Michael Parnell, and Mary Wilkerson were indicted on February 15, 2013, for various offenses arising from the sale of salmonella-contaminated peanuts at the Peanut Corporation of America. In an April 23, 2013 scheduling order, the Court ordered the Government to provide all discovery and expert witness notices by June 17, 2013. After several continuances, the Court set trial for July 14, 2014. On June 11 and July 8, 2014, however, the Government disclosed Ian Williams and Tracey Buchholz, respectively, as expert witnesses. Likewise, on June 24 and 30, 2014, the Government produced around 100,000 images characterized as Jencks material. Because of alleged late disclosures, the Defendants moved to dismiss the indictment for prosecutorial misconduct and to exclude Williams and Buchholz from trial.

The Court concludes neither dismissal of the indictment nor exclusion of evidence or witnesses is warranted in this case for several reasons. First, although a court may dismiss an

indictment for prosecutorial misconduct, dismissal of an indictment is an "extreme sanction" reserved for the most flagrant prosecutorial misconduct. *United States v. Shelley*, 405 F.3d 1195, 1202 (11th Cir. 2005). Defendants failed to establish prosecutorial misconduct, let alone misconduct severe enough to warrant dismissal. There is no evidence the Government suppressed information or intentionally made a late disclosure.

Second, the Defendants failed to establish a *Brady* violation. Even if the disclosure contained "material" impeachment or exculpatory evidence, the Government disclosed the evidence two to three weeks before trial in searchable format. There is no *Brady* or *Giglio* violation where, like here, the evidence is disclosed early enough for effective use at trial. *United States v. Bueno-Sierra*, 99 F.3d 375, 379 (11th Cir. 1996).

Third, to the extent the Government violated Rule 16 and the Court's scheduling orders, the Court concludes that the most effective and practical remedy in this case is a continuance. The Federal Rules of Criminal Procedure provide a range of choices to remedy discovery violations. Fed. R. Crim. P. 16(d)(2). The choice of remedy lies within the discretion of the district court. *United States v. Petrie*, 302 F.3d 1280, 1289 (11th Cir. 2002) (quoting *United States v. Accetturo*, 966 F.2d 631, 636 (11th Cir. 1992)). But "[i]n determining the proper remedy for the government's violation of discovery rules, the Court must consider how the violation affected the defendant's ability to present a defense." *United States v. Chastain*, 198 F.3d 1338, 1348 (11th Cir. 1999). A district court should generally "impose the least severe sanction necessary to ensure prompt and complete compliance with its discovery orders." *United States v. Turner*, 871 F.2d 1574, 1580 (11th Cir. 1989). "[E]xclusion of relevant evidence is an extreme sanction." *Id.* In this case, a two-week continuance gives Defendants ample time to review evidence prior to trial and to find expert rebuttal witnesses.

Stewart Parnell, however, claims a continuance violates his right to a speedy trial. To determine whether a defendant has been denied the right to a speedy trial, the Supreme Court has held that courts should consider four factors: the length of the delay, the reason for the delay, defendant's assertion of the right, and prejudice to the defendant. *Baker v. Wingo*, 407 U.S. 514, 530 (1972). None of these factors favor Parnell. In particular, this case will have been pending only about nineteen months prior to trial, which is not unusual in a

case of this complexity. The delay resulted from the volume of discovery, the difficulty of scheduling trial around about a dozen attorneys, and an aggressive motion practice. Parnell just now argued a continuance violated his right to a speedy trial. He has not identified any concrete prejudice to his defense other than generalized claims about his financial condition and the burden of living under a federal prosecution.

Moreover, the two-week continuance will be excluded from computation under the Speedy Trial Act. The Speedy Trial Act excludes from computation "[a]ny period of delay resulting from a continuance granted by any judge . . . at the request of the defendant or his counsel . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Both Michael Parnell and Mary Wilkerson requested additional time for preparation, and the Court concludes that such time is warranted because of the voluminous discovery and this case's unusual and complex nature. Given the Defendants' need for additional preparation, the Court finds that the ends of justice served by a continuance outweigh the best interest of the public and the defendant in a speedy trial.

For the reasons stated here and at the hearing, the joint motion to dismiss (Doc. 201) and the objections to the Government's notice of expert witnesses (Docs. 169, 206) are **DENIED**, and Michael Parnell's and Mary Wilkerson's motions for continuance (Docs. 212, 213) are **GRANTED**. The trial is set for Monday, July 28, 2014, and the two-week delay is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act.

**SO ORDERED**, this      16th      day of July, 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

3