**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.:   1:13-CR-12-001 (WLS) |
| STEWART PARNELL, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ORDER</u>

Pending before the Court is Defendant Stewart Parnell's Motion for Court to take Judicial Notice (Doc. 187).  With that motion, Parnell requests the Court to take judicial notice that salmonella and salmonellosis are or may be injurious to human health.  (*Id.* at 1.)  In support of his motion, Parnell attached various documents from websites operated by government agencies that provide general information about salmonella and salmonellosis.  (*See* Doc. 187-1.)  The Court held a hearing on this and other motions on June 24, 2014.  At the hearing, Parnell argued that it is generally known that salmonella is injurious to human health.  Also, Parnell asserted that the Government can prove that salmonella is injurious to human health with other evidence.  In response, the Government argued that it has wide discretion to prove its case how it sees fit.

Under Federal Rule of Evidence 201(b), "[t]he Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  For a fact to be judicially noticed under Rule 201(b), "indisputability is a prerequisite."  *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).  Under the circumstances in this case, the "fact" that salmonella is or may be injurious to human health is not the type of fact that may be judicially noticed.  Parnell has not demonstrated that such fact is generally known within this Court's jurisdiction, a matter of "authentic public record," or "otherwise capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  *Frehling Enters., Inc. v. Int'l Select Group, Inc.*, 192 F.3d 1330, 1341 n.4 (11th Cir. 1999) (citing Fed. R. Evid. 201(b)(2)).

While the Government's ability to use other evidence to establish its case may be relevant under Rule 403, it is irrelevant under Rule 201.  Also, the fact that several government agencies' websites contain information about salmonella is not dispositive under Rule 201.  Parnell failed to demonstrate that the referenced websites' accuracy cannot reasonably be questioned.  Further, Parnell has not demonstrated that *any* source whose accuracy cannot reasonably be questioned establishes that salmonella or salmonellosis is or may be injurious to human health.  For those reasons, Defendant Stewart Parnell's Motion for Court to take Judicial Notice (Doc. 187) is **DENIED.**

**SO ORDERED**, this __30th__ day of July 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**