**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : CASE NO.: 1:13-CR-12 (WLS) |
| STEWART PARNELL, | : |
| MICHAEL PARNELL, and | : |
| MARY WILKERSON, | : |
| | : |
| Defendants. | : |
| | : |

**ORDER**

Pending before the Court is Defendants' Joint Motion to Compel (Doc. 235). For the following reasons, Defendants' Joint Motion to Compel (Doc. 235) is **DENIED.**

**ANALYSIS**

Under Federal Rule of Criminal Procedure 16(a)(1)(G), upon a defendant's request, the Government is required to provide "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Rule 16 is generally "intended to prescribe the minimum amount of discovery to which the parties are entitled." *United States v. Jordan*, 316 F.3d 1215, 1249 n.69 (11th Cir. 2003) (citing Notes of Advisory Committee on 1974 Amendments to Federal Rules of Criminal Procedure, Fed. R. Crim. P. Rule 16). Permitting a witness to testify notwithstanding an insufficient Rule 16(a)(1)(G) disclosure constitutes reversible error only where a defendant is actually prejudiced. *See United States v. Holland*, 223 F. App'x 891, 894 (11th Cir. 2007).

Pursuant to the Court's April 23, 2013 Scheduling Order, the Government was required to provide expert disclosures under Rule 16(a)(1)(G) on or before June 17, 2013. (Doc. 61.) Where the Government violates a discovery deadline, Rule 16(d)(2) provides the Court with a range of remedies. *See United States v. Petrie*, 302 F.3d 1280, 1289 (11th Cir. 2002). Defendants suggest two remedies for the alleged violation: (1) requiring the Government to provide notice before a particular expert witness testifies; or (2) prohibiting the

1

experts' testimony entirely.  For the following reasons, the Court finds that the Government did not violate the Court's April 23, 2013 Scheduling Order as to Rule 16(a)(1)(G).[1]  As such, the Court will permit the experts to testify and will not require notice before their testimony beyond that previously required by the Court.  (*See* Doc. 222.)

On June 17, 2013, the Government provided Defendants with Rule 16(a)(1)(G) disclosures.  (Doc. 235-1.)  Many of the disclosures regarding those individuals incorporated other documents, such as curricula vitae and reports.  (*See id.*)  At the August 1, 2014 hearing on the referenced motion, the Government submitted to the Court the documents referenced in its disclosure notice.  Defendants assert that the reports are insufficient to satisfy Rule 16(a)(1)(G) because many of the reports are of interviews conducted by government agents.  However, Defendants put at issue whether the disclosures sufficiently put them on notice of the expert's expected testimony.  Defendants have provided no authority to suggest that the form in which such is accomplished is of import.

The disclosures, when considered in connection with the reports referenced therein, are sufficient under Rule 16(a)(1)(G).  Upon review of the relevant disclosures, the Court finds that any assertion by defense counsel that they were unable to anticipate the content of the Government's experts' testimony is unfounded.  For instance, the disclosure regarding Cowart states that "Cowart will testify as to the matters in the report(s) of her interview(s)."  (Doc. 235-1 at 2.)  The referenced report notes Cowart's opinion that peanut products that test presumptively positive for salmonella should not be shipped and contrary results from retesting do not "override" the original positive result.  Cowart's understanding of industry custom is the stated basis for that belief.  Clearly, that information puts Defendants on notice such that they could plan their defense.  Similarly, as to Zink, the Government's disclosure states that "Zink will testify as to the matters contained in the report(s) of his interview(s)."  (*Id.*)  The referenced report notes Zink's opinion that lab error for salmonella tests is very rare.  Zink's twenty years of experience in the private industry is the stated basis for that belief.  Those disclosures are sufficient under Rule 16(a)(1)(G).

---

[1] Defendants were required to "file all preliminary motions related to . . . expert witnesses, with the exception of motions in limine," by March 21, 2014.  (Doc. 128.)  Because the instant motion was not filed until July 30, 2014, the motion was untimely.  (Doc. 235.)  In an abundance of caution, the Court nonetheless addresses the motion on its merits.

Further, the Government provided the actual reports prepared by many of the expert witnesses. As to the FDA investigators and microbiologists named above, the Government's disclosure noted that they "will testify as to the matters contained in their Establishment Inspection Report." (Doc. 235-1 at 2.) That Report, which was provided to Defendants by the Government, is a 52-page document that details the various actions and statements by FDA investigators and microbiologists, and employees at PCA. The initials of the FDA official who prepared each section of the report are next to the heading above that section. The Report meticulously states the actions and statements of the various people involved in the investigations. Defendants were sufficiently put on notice as to each of those experts' anticipated testimony.

The Court notes that the least detailed disclosure is that relating to Virginia Scott. The Government's disclosure states that "Scott will testify as to the nature and characteristics of salmonella, proper testing procedures for salmonella and other microorganisms, and good manufacturing practices." (Doc. 235-1 at 2.) The Government provided Scott's curriculum vitae, but did not provide a report—presumably because she did not prepare one. (*See id.*) In any event, the Court finds that the disclosure regarding Scott was sufficient. Preparing for a witness who will testify to general information is much different from preparing for a witness who will testify regarding a more particularized matter. Unlike the latter situation where results may differ depending on the methods used, Defendants may prepare for general testimony by reviewing the literature on the general information. Also, Defendants may question Scott on her knowledge of the general information based on her publications.

For the reasons stated above, the Court finds that the Government complied with Rule 16(a)(1)(G) within the time period established by the Court's April 16, 2013 Scheduling Order. Therefore, the Court finds that taking any remedial action would be inappropriate. As such, Defendants' Joint Motion to Compel (Doc. 235) is **DENIED.** As previously ordered by the Court, the Government shall notify the Court two days in advance of Ian Williams' anticipated testimony. (*See* Doc. 222.)

**SO ORDERED**, this  8th   day of August 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**